UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE CITY DIVISION
DOCKET NO. 1:12-CV-371-GCM

| | |
|---|---|
| LEROY MILLER, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>**Acting Commissioner of Social Security,**<br><br>Defendant. | ORDER |

**THIS MATTER** comes now before the Court upon Plaintiff Leroy Miller, Jr.'s ("Plaintiff's") Motion for Summary Judgment, (Doc. No. 10) filed on May 20, 2013, and Defendant Acting Commissioner of Social Security Carolyn W. Colvin's Motion for Summary Judgment, (Doc. No. 13), filed on July 11, 2013. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, for the reasons set forth below, Plaintiff's Social Security Appeal is **DENIED**, Defendant's Motion for Summary Judgment is **GRANTED**, and the Administrative Law Judge's ("ALJ's") decision is **AFFIRMED**.

I.     PROCEDURAL HISTORY

Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") on March 16, 2010 alleging a disability onset date of January 12, 2009. (Tr. 18, 158-59). Plaintiff's application was initially denied on November 4, 2010, and again upon reconsideration on March 21, 2011. (Tr. 47-86). The claimant filed a written request for hearing

1

on April 5, 2011, and a hearing was held by video before the honorable Harold Chambers on September 13, 2011. *Id.* On November 18, 2011, the ALJ issued a decision denying Plaintiff benefits. (Tr. 15-28). The Appeals Council denied Plaintiff's Request for Review by Action, thus the November 18, 2011 ALJ decision became the Commissioner's final decision. (Tr. 1-6).

Plaintiff timely filed this action on May 20, 2013, and the parties' motions are now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of a final decision of the Commissioner to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, this Court "'must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard.'" *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)). Where a listed impairment is a possibility, the ALJ must "compar[e] each of the listed criteria to the evidence of [the claimant's] symptoms." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986).

This Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, quoting *Richardson v. Perales*, the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It

means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

782 F.2d 1176, 1179 (4th Cir. 1986); 402 U.S. 389, 401 (1971); *See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

### III. DISCUSSION[1]

The question before the ALJ was whether Plaintiff was "disabled," as defined for Social Security purposes, between January 12, 2009, and the date of his decision.[2] On August 8, 2011, the ALJ found that Plaintiff was not "disabled" at any time between March 15, 2006, and the date of his decision. (Doc. No. 8-3). The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of her past relevant work; and

---

1 Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

2 Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

(5) Whether the claimant is able to do any other work, considering her RFC, age, education, and work experience.

(20 C.F.R. §§ 404.1520(a)(4)(i-v)). In this case, the ALJ determined that Plaintiff was not disabled under the fifth step in the above evaluation process. (Tr. 21-22). Particularly, the ALJ concluded that "considering the claimant's age, education, work experience, and residual functional capacity, there [were] jobs that exist[ed] in significant numbers in the national economy that the claimant [could] perform." (Tr. 21, Finding 10).

On appeal, Plaintiff makes the following assignments of error: (1) that the ALJ erred in determining that his impairments did not meet or equal a Listing of Impairments in Subpart P of Regulations No. 4, and (2) that Appeals Council erred in not submitting new evidence so that the Commissioner could weigh that evidence.

**1.     The ALJ Did Not Err at Step Three in Determining that Miller's Impairments did not Meet or Equal a Listing of Impairments.**

Plaintiff argues that the ALJ's step-three determination is incomplete because the ALJ made a general determination that the Plaintiff's injuries did not satisfy 1.04 and did not compare his impairments to 1.04A specifically. However, it is the claimant's burden to demonstrate that his condition meets or equals a listing section and that his condition manifests all of the specific findings described in the set of medical criteria for the listed impairment in question. *See Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981); *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

To meet Listing Section 1.04A, a claimant must establish:

[A disorder] of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle

weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. 404, Subpt. P, App. 1, § 1.04A. However, the introductory language for all musculoskeletal impairments listed under Section 1.00 states:

> Regardless of the cause(s) of a musculoskeletal impairment, functional loss for purposes of these listings is defined as the inability to ambulate effectively on a sustained basis for any reason, including pain associated with the underlying musculoskeletal impairment, or the inability to perform fine and gross movements effectively on a sustained basis for any reason, including pain associated with the underlying musculoskeletal impairment.

20 C.F.R. 404, Subpt. P, App. 1, § 1.00(a).

Several district courts within this jurisdiction have held that Listing Section 1.04A includes a requirement that the claimant prove that he cannot ambulate effectively, pursuant to this introductory language in Section 1.00(a). *See Vest v. Astrue*, No. 5:11CV047, 2012 WL 4503180, at *4 (W.D. Va. Sept. 28, 2012) ("Thus, Vest is required to prove that he is unable to ambulate effectively . . . in order to meet or medically equal Listing 1.04."); *Moss v. Astrue*, No. 2:11-cv-44, 2011 WL 7768883, at *9 (N.D. W. Va. Dec. 30, 2011) (ability to ambulate effectively is a consideration for Listing Section 1.04A); *McKoy v. Astrue*, No. 4:08-2329, 2009 WL 2782457, at *16 (D.S.C. Aug. 28, 2009) ("Plaintiff is mistaken that there is no requirement that the claimant prove his inability to ambulate effectively in order to meet the criteria of the severe musculoskeletal system impairments contained in Listings 1.00-1.08.").

Where a listed impairment is a possibility, the ALJ is required to identify the relevant listed impairments and compare each of the listed criteria to the evidence of the claimant's symptoms. *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). Here, based on all evidence of the claimant's symptoms in the record, the ALJ has properly identified that Listing 1.04 was relevant. Furthermore, the ALJ compared the listed criteria to the evidence of the claimant's symptoms. The ALJ explicitly stated, "[a]fter a review of listing 1.04, I find that the claimant

5

does not meet this listing because his ability to ambulate effectively has not been compromised to the level necessary in accordance with 1.00B(2)(b)." (Doc. 7-3, Finding 4). If the Plaintiff does not satisfy the preliminary requirement outlined in the introduction, there is no need to go into detail about each of the criteria listed under section 1.04A to determine that the Plaintiff is not disabled.

There is substantial evidence to support a finding that the Plaintiff can ambulate effectively, and the Plaintiff concedes that the ALJ came to the correct conclusion regarding the ability to ambulate effectively. (Doc. 11, p. 17). As the ALJ identifies in his decision, the Plaintiff uses only one cane and has the ability to perform the majority of other examples covered in section 1.00B(2)(b) (including the ability to carry out routine ambulatory activities such as shopping and banking). (Doc. 7-3, Finding 4). Therefore, because there is no error of law and because there is substantial evidence to support a finding that the Plaintiff has the ability to ambulate effectively, the ALJ did not err in determining that the Plaintiff's impairments did not meet this listing.

**2.    The Appeals Council Did Not Err in Denying the Request for Review.**

The Plaintiff also argues that Dr. Burke's opinion report from June 1, 2012 is new and material evidence justifying a remand. Specifically, the Plaintiff claims that the ALJ afforded great weight to Dr. Goebel's and Ms. Gonzalez's opinions and, because Dr. Burke's opinion directly contradicts these opinions, the new facts must be weighed by a fact-finder. The Plaintiff submitted this opinion to the Appeals Council, which considered the evidence and determined that it did not provide a basis for changing the ALJ's decision. (Tr. 1-2).

In *Meyer v. Astrue*, the court held that:

> [Social Security] regulations do not require the Appeals Council to articulate its rationale for denying a request for review. Only if the Appeals Council *grants* a request for review

6

and issues its own decision on the merits is the Appeals Council required to make findings of fact and explain its reasoning.

662 F.3d 700, 705-706 (4th Cir. 2011) (emphasis in original) (citing 20 C.F.R. §§ 404.979, 404.1527(f)(3)). Unlike *Meyer*, in which the court did remand the case for further fact finding, here there is substantial evidence in this record to support the ALJ's decision and no "evidentiary gap" that required additional information. As such, there is no need for the fact finder to consider the new evidence.

The Appeals Council considered the evidence and determined that it did not provide a basis for changing the ALJ's opinion. In reaching this conclusion, the Appeals Council is not required to make findings of fact or explain its reasoning. Therefore, the Appeals Council did not err in denying the request for review.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, (Doc. No. 10) is **DENIED**, the Defendant's Motion for Summary Judgment, (Doc. No. 13) is **GRANTED**, and the ALJ's decision is **AFFIRMED**. The Clerk's Office is directed to **CLOSE THE CASE**.

**IT IS SO ORDERED**.

Signed: May 28, 2014

Graham C. Mullen
United States District Judge